### ADAMS (*Second Election*).

It is an irregularity, for the selectmen to refuse to put a question of adjournment, regularly moved and seconded, but not sufficient of itself to set aside an election.

THE second election in Adams, at which Henry Wilmarth and Ebenezer Cole were again returned as members, and which was called in question by Jabez Hall and others, gave rise to the following report from the committee on elections:—

"The petitioners represent, 'that at a meeting holden at said Adams, on the tenth day of March current, for the purpose of choosing representatives, to fill the seats of Henry Wilmarth and Ebenezer Cole, whose seats had been declared vacated, the said Wilmarth and Cole were declared by the selectmen, who presided at said meeting, duly elected.' The petitioners deny the legality of the election of the said Wilmarth and Cole, and controvert the same, on the following grounds, to wit:—

1. Because, 'at the opening of the meeting, on the day aforesaid, the chairman having announced that the meeting was open, a motion was regularly made and seconded by legal voters, that the town choose two representatives; and thereupon the chairman put said motion to the meeting, and called for a vote thereon, which was then and there taken, and the contrary vote having also been taken, it was clear and certain,

[1] 57 J. H. 254.

by the comparative number of hands raised, that there was a large majority against sending two representatives; and the petitioners say, that the chairman, noticing this fact, neglected and refused to declare said vote.'

2. Because, 'in the further progress of said meeting, Thomas Robinson, Esq., a legal voter, having noticed the irregularity of the proceedings, and desiring in some form to try the sense of the meeting, as to sending representatives, made a motion to adjourn said meeting to the next day, at 9 o'clock, A. M., which was regularly seconded by several voters in various parts of the house, which said motion the chairman refused to put to said meeting.'

3. Because, 'afterwards, to wit, on the same day, Isaac Hodges, Esq., a legal voter, made a motion to adjourn the meeting to 3 o'clock, P. M. the next day; which said motion was also seconded by several voters; and the petitioners allege, that the chairman arbitrarily refused to put this last motion to the meeting.'

The petitioners state, 'that each and all the foregoing irregularities were committed before the meeting proceeded to ballot for representatives, and, in consequence thereof, the political party who desired the motions to be put, and the votes declared thereon, thus finding the dignity of the law broken down a second time, and a state of despotism introduced, retired from the house, and took no part in the said election of said Wilmarth and Cole.'

The evidence in the case is contained in sundry depositions, taken at the request of the petitioners and of the respondents, and, in the opinion of the committee, does not sustain the petitioners in their first ground of objection against the validity of the election.

In relation to the second objection, urged by the petitioners as cause for invalidating the election, the committee are not convinced, that the testimony introduced is of such nature as to require them to decide, that the election is invalid for the reason therein stated.

In the third ground of objection, and the evidence produced

to the committee in relation thereto, they find cause for reporting such irregularity of procedure as, on principles heretofore sanctioned, and in the case of the very individuals whose supposed election is now controverted, must render void the proceedings of the meeting.

It appears that the voters were much divided in their opinion on the question of electing representatives. Soon after the meeting was opened, a motion was made and seconded, to send two representatives; while this motion was being made, another was made and seconded not to send representatives; and some discussion ensued as to which was the prior motion. The chairman decided that the motion to send was in order; the question on this motion was taken by hand vote, and the chairman declared he could not decide the vote; and then it was determined to decide the vote by ballot.

Between ten and twelve o'clock, A. M., and before the yeas and nays on the motion to send two representatives were called for, motions were made and seconded, 'to adjourn to the tenth of April'—'to adjourn till six o'clock in the afternoon of the next day'—and 'to adjourn to nine o'clock, A. M. the next day'—which motions were debated and opposed, as being out of order. The chairman stated, that 'he did not consider it necessary to adjourn,' and he did not, in either case, put the question of adjournment. Ballot was then taken by yeas and nays, on the motion to send two representatives, and resulted in a majority of thirty-one yeas.

After this result was declared, between four and five o'clock in the afternoon, and before any votes for representative had been given or called for; ' it being rainy, late in the afternoon, and many of the voters having left the meeting;' a motion was made by Isaac Hodges, to adjourn the meeting until three o'clock in the afternoon of the next day, which motion was duly seconded. The chairman, being asked by the mover and by another to put the motion, replied, that he could not put the motion, and neglected and refused so to do; and immediately called for votes for representatives, and the selectmen proceeded to call the list of voters; whereupon some dis-

turbance and tumult followed, and the principal part of one of the political parties soon after left the house, and took no part in the election.

The material fact set forth in the allegation is, that the presiding officer of the meeting refused to put a motion to adjourn, regularly made and seconded.   This fact is conclusively verified by the testimony.

In the case of the controverted election from the town of Adams,—decided at the present session,—the illegality of proceeding was the adjournment of the meeting by the chairman, on his own authority, without taking a vote of the meeting, and against the declared will of a large portion of the voters.

In the present case, the illegality arises from the refusal, by the same chairman, to put the question of adjournment, regularly moved and seconded, though thereto especially requested by the mover, and by another of the voters present.

The committee think the latter course as erroneous, and as fatal to the legality of the election, as the former.

On the facts above stated, the committee are of opinion, and do report, that the proceedings of the meeting of the town of Adams, on the tenth of March instant, have rendered void the supposed election of said Wilmarth and Cole; and they recommend that the seat of said Wilmarth in this house, (the said Cole not having appeared to claim his seat,) be declared vacated.

This report was rejected[1]; and, no other or further proceedings being had in relation to the subject, the election, of course, stood confirmed by the house.

[1] 57 J. H. 445, 471, 482.